JUDGE SULLIVAN                                            08 CV 6513

James H. Power
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200



ATTORNEYS FOR PLAINTIFF
LAND, AIR & SEA TRANSPORT LTD. d/b/a L.A.S.T.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LAND, AIR & SEA TRANSPORT LTD. d/b/a
L.A.S.T.,

          Plaintiff,

          -against-

YANGZHOU XUYANG LOGISTICS CO. LTD.
f/k/a J&K TRANS INTERNATIONAL CO. LTD.,

          Defendant.

08 Civ. _____

**VERIFIED**
**COMPLAINT**

---

    Plaintiff, Land, Air & Sea Transport Ltd., doing business as L.A.S.T. ("LAST" or "Plaintiff"), by and through its attorneys, Holland & Knight LLP, for its verified complaint against Yangzhou XuYang Logistics Co. Ltd. f/k/a J&K Trans International Co. Ltd. ("Defendant") alleges, upon information and belief, as follows:

    1.    This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears and is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. At all times material herein, plaintiff LAST was and is a business entity organized and existing under the laws of a foreign state and maintains a its principle place of business in a foreign jurisdiction.

3. Upon information and belief, at all times material herein, Defendant is and was a business entity organized and existing under the laws of a foreign state with its principal place of business in a foreign jurisdiction.

4. On or about March 18, 2008, LAST and J&K Trans International Co. Ltd. ("J&K") entered into a contract of affreightment for the shipment of buses by various voyage from China to Saudi Arabia from May through December 2008 (the "COA"). The terms of the COA were memorialized via a fixture note dated March 18, 2008.. A true and correct copy of the fixture note is attached hereto as Exhibit 1.

5. Upon information and belief, J&K is now known as Yangzhou XuYang Logistics Co. Ltd.

6. According to the terms of the COA, Defendant agreed to ship 150 units (buses) per month from May to December, with a total of 1200 buses being shipped.

7. The terms of the laycan to which the parties agreed was that the laycan and loadable units would be mutually agreed for each voyage under the COA, and that LAST would nominate a vessel seven days prior to its arrival in port.

8. Under the COA, agreed freight was "US$ 69.0 PER CBM FLT HOOK TO HOOK."

9. On or about April 8, 2008, LAST nominated the vessel BM PRIDE (the "Vessel") and provided notice of its laycan in accordance with the terms of the COA. Defendant responded that it could not confirm the Vessel's laycan at present.

10. Defendant was unable to confirm the Vessel's laycan for April.

11. On or about April 20, 2008, LAST later was advised by Defendant that due to a dispute between the seller of the buses and the buyer in Saudi Arabia that it could not confirm the Vessel for an end of May shipment.

12. In an e-mail and letter dated April 25, 2008, Defendant requested that the laycan be postponed to the end of June or early July.

13. On or about April 29, 2008, LAST provided notice to Defendant that it was in breach of the parties' COA.

14. On or about May 15, 2008, Defendant informed LAST that it was unable to perform under the COA, and asked LAST to renegotiate the terms of the COA, thus repudiating the COA. A true and correct copy of Defendant's May 15, 2008 repudiation letter dated May 15, 2008 is attached hereto as Exhibit 2.

15. On or about June 10, 2008, LAST again provided notice to Defendant that it was in breach of the parties' COA.

16. As a result of Defendant's breach of the COA by failing to provide the shipment of buses, and in order to mitigate its damages, LAST diverted the Vessel to call at Lianyungang to load plywood for shipment to Dubai and Damman at a lower freight rate than was provided for in the COA.

17. As a result of Defendant's breach of the COA, LAST incurred damages in the principal amount of US$391,702.00, which includes deviation costs, bunker costs, additional port costs for the call at Dubai, and freight difference costs.

18. The breakdown of LAST's damages is as follows:

   a) deviation cost to call at Lianyngang after Shanghai, instead of calling at Huangpu (the nominated port under the COA), which was en route, was 1.5 days totaling US$28,500.00;

   b) deviation costs to call Dubai after Dammam for discharging the plywood was 1 day totaling US$19,000.00;

   c) bunker cost for the above mentioned deviations totaling US$40,350.00;

   d) extra port fee for calling at Dubai totaling US$13,000.00; and

   e) freight differential of US$19 (US$69 COA freight rate for the buses minus US$50 freight rate for the plywood) at 15,308 cubic meters totaling US$290,852.00.

19. In addition to the losses incurred by LAST arising from the Defendant's failure to deliver the required cargo of buses under the COA for the May loading, LAST incurred additional losses from Defendant's failure to deliver cargo for the 2nd shipment (June shipment) under the COA. As a result, the vessel BM Challenge nominated by LAST for the June shipment was forced to sail without the CoA cargo of 150 buses. As a result, LAST, despite all efforts to mitigate losses and procure additional cargo, incurred an additional loss of US$719,911.00.

20. The terms of the COA call for arbitration in Hong Kong and the application of English law. LAST is preparing its claim for arbitration.

21. While all disputes arising out of the COA are to be arbitrated in Hong Kong, the action herein is submitted in accordance with Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure as well as 9 U.S.C. §8, is not and cannot be considered a waiver of the COA's arbitration clause.

22. Under English law, arbitration awards regularly include costs, including a reasonable allowance for attorney's fees.

23. Upon information and belief it will take three years to arbitrate this dispute to conclusion, resulting in the following estimated interest and attorneys' fees and costs:

| | |
|---|---|
| Interest: | $ 175,107.35 ($1,110,911.00 x 0.05/year x 3 year compounded quarterly) |
| Attorneys' fees and costs: | $ 150,000.00 |
| Total Principal Claim: | $ 1,110,911.00 |
| Total Sought: | **$ 1,436,018.30** |

24. Defendant is not found within the Southern District of New York but does have assets, good or chattels within the jurisdiction, to wit: funds or accounts held in the name(s) of Yangzhou XuYang Logistics Co. Ltd. and/or J&K Trans International Co. Ltd. with, upon information and belief, the following financial institutions: Bank of America, N.A.; The Bank of New York; Citibank, N.A.; Deutsche Bank Trust Company Americas; HSBC Bank USA, N.A.; JPMorgan Chase Bank, N.A.; UBS AG; Wachovia Bank, N.A.; Société Générale; Standard Chartered Bank; BNP Paribas; Calyon Investment Bank; American Express Bank;

Commerzbank; ABN Amro Bank; Bank Leumi USA; Banco Popular; China Trust Bank; Industrial Bank of Korea; Shin Han Bank; Great Eastern Bank; Nara Bank; United Orient Bank; or any other financial institution within the Southern District of New York.

**WHEREFORE**, Land, Air & Sea Transport d/b/a L.A.S.T. prays:

1. That a summons with process of attachment and garnishment may issue against the defendant Yangzhou XuYang Logistics Co. Ltd. f/k/a J&K Trans International Co. Ltd.; and if defendant cannot be found, then that its goods, chattels and credits within the district, and particularly all bank accounts and other property of Yangzhou XuYang Logistics Co. Ltd. f/k/a J&K Trans International Co. Ltd. with the financial institutions noted above in paragraph 24, may be attached in an amount sufficient to answer plaintiff's claim;

2. That defendant Yangzhou XuYang Logistics Co. Ltd. f/k/a J&K Trans International Co. Ltd. and any other person claiming an interest therein may be cited to appear and answer the matters aforesaid;

3. That judgment be entered in favor of Land, Air & Sea Transport d/b/a L.A.S.T. and against Yangzhou XuYang Logistics Co. Ltd. f/k/a J&K Trans International Co. Ltd. in the amount of $1,436,018.30 (including estimated interest, costs and attorneys' fees); and,

4. That this Court grant Land, Air & Sea Transport Ltd. d/b/a L.A.S.T. such other and further relief which it may deem just and proper.

Dated: New York, New York
      July 22, 2008

                         HOLLAND & KNIGHT LLP

                By: _____
                         James H. Power
                         Lissa Schaupp
                         195 Broadway
                         New York, NY 10007-3189
                         Tel:    (212) 513-3200
                         Fax:   (212) 385-9010

                         *Attorneys for Plaintiff*
                         *Land, Air & Sea Transport Ltd. d/b/a L.A.S.T.*

## VERIFICATION

STATE OF NEW YORK            )
                             :ss.:
COUNTY OF NEW YORK           )

JAMES H. POWER, being duly sworn, deposes and says:

    I am senior counsel with the firm of Holland & Knight LLP, counsel for Land, Air & Sea Transport Ltd. ("LAST"), plaintiff in the foregoing action. I have read the foregoing Verified Complaint and know the contents thereof, and the same are true and correct to the best of my knowledge. I have reviewed documentation provided to me by LAST and corresponded with LAST's representatives regarding this matter. I am authorized by LAST to make this verification, and the reason for my making it as opposed to an officer or director of LAST is that there are none within the jurisdiction of this Honorable Court.

_____
James H. Power

Sworn to before me this
22nd of July, 2008

_____
Notary Public

MARGARET A. CANFIELD
Notary Public, State of New York
No. 01BA6035021
Qualified in New York County
Commission Expires December 20, 200_9_

# 5482217_v1

# EXHIBIT 1

Case 1:08-cv-06513-RJS   Document 1   Filed 07/22/2008   Page 9 of 14

EASTERN UNION NAVIGATION

COA BUSSES

# FIXTURENOTE

Tuesday, March 18, 2008

IT IS MUTUALLY AGREED ON THIS DAY BETWEEN UNDERMENTIONED PARTIES ON THE SHIPMENT OF 1200 UNITS BUS FROM HUANGPU IN GUANGZHOU TO DAMMAN IN SAUDI ARABIA FROM END MAY 2008 TO DEC 2008 THE FLWG TERMS AND CONDITIONS:

PERFORMING VSL: HUADAO TBN
OWNERS GUARANTEED PERFORMING VSLS TB CLASSED LLOYD'S 100 A1 OR EQUIVALENT, VSLS TB FULLY ISM CERTIFIED, PNI COVERED DURING THE WHOLE DURATION OF EACH VOYAGE.

FOR:
1. OWNERS: L.A.S.T.
2. CHRTRS: J & K TRANS INTERNATIONAL CO., LTD
3. PERFORMING VESSEL : M/V HUADAO TBN, SUITABLE IN ALL RESPECTS TO LOAD C/P CARGO PART CARGO, UNDER/ONDECK LOADING IN OWNERS OPTION;
4. CARGO: 150 UNITS/MONTH FROM END MAY TO DECEMBER, TTL 1200 UNITS BUSSES DIMS AS FOLLOWS:L 11,6 MTRS X W 2.55 X H 3.45 - 12TS /UNIT.102.051 CBM/UNIT, ALL DETAILS ABT WOG;
5. LOAD/DISCH PORT: 1SBP HUANGPU (OLD-NEW PORT OO), CHINA/1SBP DAMMAM, SAUDIA ARABIAAAAA BENDS;
6. LAYCAN: LAYCAN AND LOADABLE UNITS TB MUTUALLY AGREED FOR EACH SAILING OWNERS TO NOMINATE VSL 7 DAYS BEFORE VSLS ARRIVAL AT L/PORT; OWNERS GUARANTEE THE COMPLETION OF TRANSPORTATION FOR TOTAL 1200 UNITS BUSES BY END DEC 2008;
7. MASTER A/O OWNERS TO GIVE 7/5/3/2/1 DAYS ETA NOTICE AT BOTH LDG/DISCHG PORTS TO CHRTRS/SHIPPERS/RECEIVERS;
8. L/D DISCHARGING RATE: FULL LINER TERMS HOOK TO HOOK BENDS;
9. DETENTION: USD 25,000 PDPR IF CGO/CGO DOCS NOT READY BEFORE VESSEL ARRIVAL BENDS. DETENTIONS, AT L/PORT IF ANY, TO BE PAID ALONGWITH THE FREIGHT. DETENTION AT D/PORT,IF ANY, TO BE SETTLED WITHIN 5DYS OF PRESENTATION OF ALL RELEVANT DOCUMENTS BENDS;
10. FRT: USD 69.0 PER CBM FLT HOOK TO HOOK BSS 1/1. FULL FREIGHT PAYABLE TO OWS NOMINATED BANK ACCOUNT FREE OF ANY BANK CHARGES LEVIED BY REMITTERS BANK AND/OR THEIR CORRESPONDENCE BANK TO OWNERS W/I 6 BANKING DAYS ACOL AND S/R BSL MARKED "FREIGHT PAYABLE AS PER C/P". IN CASE "FRT





For and on bel
Land, Air &

PREPAID" BS/L REQUIRED, SAME TB ISSUED AND RELEASED AFTER FULL FRT TB PAID. FREIGHT DEEMED EARNED UPON COMPLETION OF LOADING . DISCOUNTLESS N NON-RETURNABLE WHETHER SHIP AND / OR CARGO LOST OR NOT LOST;

11. OWNERS AGENTS BOTH ENDS;
12. OWNERS BERTH BOTH ENDS;
13. WHARFAGES/TAXES/DUES, IF ANY, ON CARGO TBF CHTRS ACCT; SAME ON VSL/FRT TBF OWS ACCT;
14. CHRTRS WILL COVER THE UNITS WITH TARPAULIN AT THEIR EXPENSES;
15. FREE EXINS ON VSLS AGE/CLASS/FLAG;
16. SHIPSIDE TALLY TBF OWS ACCT, DOCKSIDE TALLY TBF CHTRS ACCT BENDS;
17. IN CASE OF NO-PRESENTATION OF O.BS/L UPON VSL'S ARRIVAL DISPORT, CARGO TB DELIVERED/RELEASED AGAINST CHRTRS SINGLE LOI AS PER OWNERS PNI WORDING;
18. ARBITRATION, IF ANY, IN HONG KONG AND ENGLISH LAW TO BE APPLIED;
19. PARAMOUNT CLAUSE, BOTH TO BLAME COLLISION CLAUSE, NEW JASON AND GENERAL AVERAGE CLAUSE TB INCORPORATED UNDER THIS CHARTER PARTY;
20. OTHERS AS PER GENCON C/P 94;
21. TTL COMM 3.75% ON TTL FRT/DETENTION AND SAME TB PAID BY OWNERS W/I 3 BKG DAYS AFTER FRT/DETENTION RECEIVED BY OWNERS.

END

ON BEHALF OF CHARTERS                ON BEHALF OF OWNERS



For and on behalf of
Land, Air & Sea Transport Ltd.
*Authorized Signature(s)*

If of
Sea Transport Ltd
*Authorized Signature(s)*

# EXHIBIT 2

**Subject:** TO : MR. MATHIAS
**From:** "Jacky Wang/Eastern Union Navigation limited" <bgsyech@online.sh.cn>
**Date:** Fri, 16 May 2008 14:09:22 +0800
**To:** "Huadao Chartering" <chartering@huadaohk.com>

EASTERN UNION NAVIGATION LTD
TEL: 0086-21-52722256
FAX: 0086-21-52727056
EMAIL: BGSYECH@ONLINE.SH.CN

ATTN: MR. MATHIAS
GD DAY , DEAR SIR

PLEASE SEE ATTACHED DOCUMENT FROM CHARTERER, PLESE KINDLY CONSIDER AND REVERT BACK ASAP.

TKS&BRGDS / YE CHENG

情况说明0001.JPG



**J&K TRANS INTERNATIONAL CO., LTD**
Block D, 8th Floor, Dongcheng International Building, No.185,
West Yunhe Road, Yangzhou, Jiangsu, P.R.China 225000
Tel: +86-514-87900011      Fax: +86-514-87900033

Date: May, 15th, 2008

To : OWNERS
C/O :L.A.S.T (Herein after called the owners)
From: J&K TRANS INTERNTIONAL CO.,LTD (Herein after called the charterer)
Re: COA C/P DD Mar 18th, 2008

Dear Sir or Mandam,

    Since the depreciation of USD, rising domestic raw materials, the production capacity and any other relative factors, led to the buyer's purchasing cost increases. To ease the pressure of procurement on the buyer side, the consigner requires the shipper to transport the goods directly to Jeddah. In addition, the consigner also requires the shipper deliver the goods in three months (originally six months) which is beyond the capability of the shipper. After many rounds of negotiations between both parties, the consigner finally agreed that the shipper produce 500 units of bus model (102.051cbm per unit/11.6t per unit) and delivery the 500 units within 3 months, and the laycan dates updated as following:

1. Date: June 25th -30th, 2008
Cargo quantity: 100 units;
2. Date: July 25th -30th, 2008
Cargo quantity:   200units;
3. Date: Aug 15th -20th, 2008
Cargo quantity:   200 units

The loading ports are Shanghai, Guangzhou or Lianyungang port.

    We are sincerely request your company to re-accounting costs and capacity for re-quote and offer us a reasonable arrangement. Looking forward to hearing back from you.


Yours sincerely
J&K TRANS INTERNATIONAL CO.,LTD
Signature