

James H. Power
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200

ATTORNEYS FOR PLAINTIFF
LAND, AIR & SEA TRANSPORT LTD. d/b/a L.A.S.T.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LAND, AIR & SEA TRANSPORT LTD. d/b/a L.A.S.T.,

    Plaintiff,

-against-

YANGZHOU XUYANG LOGISTICS CO. LTD. f/k/a J&K TRANS INTERNATIONAL CO. LTD.,

    Defendant.

08 Civ. 6513 (RJS)

**FIRST AMENDED VERIFIED COMPLAINT**

---

Plaintiff, Land, Air & Sea Transport Ltd., doing business as L.A.S.T. ("LAST" or "Plaintiff"), by and through its attorneys, Holland & Knight LLP, for its first amended verified complaint against Yangzhou XuYang Logistics Co. Ltd. f/k/a J&K Trans International Co. Ltd. ("Defendant") alleges, upon information and belief, as follows:

1.    This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears and is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. At all times material herein, plaintiff LAST was and is a business entity organized and existing under the laws of a foreign state and maintains a its principle place of business in a foreign jurisdiction.

3. Upon information and belief, at all times material herein, Defendant is and was a business entity organized and existing under the laws of a foreign state with its principal place of business in a foreign jurisdiction.

4. On or about March 18, 2008, LAST and J&K Trans International Co. Ltd. ("J&K") entered into a contract of affreightment for the shipment of buses by various voyage from China to Saudi Arabia from May through December 2008 (the "COA"). The terms of the COA were memorialized via a fixture note dated March 18, 2008.. A true and correct copy of the fixture note is attached hereto as Exhibit 1.

5. Upon information and belief, J&K is now known as Yangzhou XuYang Logistics Co. Ltd.

6. According to the terms of the COA, Defendant agreed to ship 150 units (buses) per month from May to December, with a total of 1200 buses being shipped.

7. The terms of the laycan to which the parties agreed was that the laycan and loadable units would be mutually agreed for each voyage under the COA, and that LAST would nominate a vessel seven days prior to its arrival in port.

8. Under the COA, agreed freight was "US$ 69.0 PER CBM FLT HOOK TO HOOK."

9.   On or about April 8, 2008, LAST nominated the vessel BM PRIDE (the "Vessel") and provided notice of its laycan in accordance with the terms of the COA. Defendant responded that it could not confirm the Vessel's laycan at present.

10.  Defendant was unable to confirm the Vessel's laycan for April.

11.  On or about April 20, 2008, LAST later was advised by Defendant that due to a dispute between the seller of the buses and the buyer in Saudi Arabia that it could not confirm the Vessel for an end of May shipment.

12.  In an e-mail and letter dated April 25, 2008, Defendant requested that the laycan be postponed to the end of June or early July.

13.  On or about April 29, 2008, LAST provided notice to Defendant that it was in breach of the parties' COA.

14.  On or about May 15, 2008, Defendant informed LAST that it was unable to perform under the COA, and asked LAST to renegotiate the terms of the COA, thus repudiating the COA. A true and correct copy of Defendant's May 15, 2008 repudiation letter dated May 15, 2008 is attached hereto as Exhibit 2.

15.  On or about June 10, 2008, LAST again provided notice to Defendant that it was in breach of the parties' COA.

16.  As a result of Defendant's breach of the COA by failing to provide the shipment of buses, and in order to mitigate its damages, LAST diverted the Vessel to call at Lianyungang to load plywood for shipment to Dubai and Damman at a lower freight rate than was provided for in the COA.

17. As a result of Defendant's breach of the COA, LAST incurred damages in the principal amount of US$391,702.00, which includes deviation costs, bunker costs, additional port costs for the call at Dubai, and freight difference costs.

18. The breakdown of LAST's damages is as follows:

    a) deviation cost to call at Lianyngang after Shanghai, instead of calling at Huangpu (the nominated port under the COA), which was en route, was 1.5 days totaling US$28,500.00;

    b) deviation costs to call Dubai after Dammam for discharging the plywood was 1 day totaling US$19,000.00;

    c) bunker cost for the above mentioned deviations totaling US$40,350.00;

    d) extra port fee for calling at Dubai totaling US$13,000.00; and

    e) freight differential of US$19 (US$69 COA freight rate for the buses minus US$50 freight rate for the plywood) at 15,308 cubic meters totaling US$290,852.00.

19. In addition to the losses incurred by LAST arising from the Defendant's failure to deliver the required cargo of buses under the COA for the May loading, LAST incurred additional losses from Defendant's failure to deliver cargo for the 2nd shipment (June shipment) under the COA. As a result, the vessel BM Challenge nominated by LAST for the June shipment was forced to sail without the CoA cargo of 150 buses. As a result, LAST, despite all efforts to mitigate losses and procure additional cargo, incurred an additional loss of US$719,911.00.

20. Because of Defendant's failure to provide the cargo pursuant to the CoA, the BM Challenge had to call additional non-scheduled ports in order to obtain substitute cargo and the BM Challenge incurred extra port days in order to load substitute cargo.

21. The breakdown of the damages incurred by L.A.S.T. for the June shipment is as follows:

    a)     extra steaming = 0.2 days x $20,000 = $4,000

    b)     extra port stay = 4.5 days x $20,000 = $90,000

    c)     extra port call = $20,000

    d)     freight earned from substitute cargo (loaded 3200 cbm + 2876 cbm = 6076 cbm at freight rates of $76/cbm and $72.cmb respectively). Therefore, total freight earned on substitute cargo = $450,272

    e)     amount of freight BM Challenge would have earned had Defendant loaded cargo of buses (15,307 cbm at $69/cbm = $1,056,183).

    f)     lost freight = $605,911

    g)     TOTAL CLAIM for June Shipment: $719,911

22. The terms of the COA call for arbitration in Hong Kong and the application of English law. LAST is preparing its claim for arbitration.

23. While all disputes arising out of the COA are to be arbitrated in Hong Kong, the action herein is submitted in accordance with Rule B of the Supplemental Rules of Certain

Admiralty and Maritime Claims of the Federal Rules of Civil Procedure as well as 9 U.S.C. §8, is not and cannot be considered a waiver of the COA's arbitration clause.

24. Under English law, arbitration awards regularly include costs, including a reasonable allowance for attorney's fees.

25. Upon information and belief it will take three years to arbitrate this dispute to conclusion, resulting in the following estimated interest and attorneys' fees and costs:

| | |
|---|---|
| Interest: | $ 175,107.35 ($1,110,911.00 x 0.05/year x 3 year compounded quarterly) |
| Attorneys' fees and costs: | $ 150,000.00 |
| Total Principal Claim: | $ 1,110,911.00 |
| Total Sought: | **$ 1,436,018.30** |

26. Defendant is not found within the Southern District of New York but does have assets, good or chattels within the jurisdiction, to wit: funds or accounts held in the name(s) of Yangzhou XuYang Logistics Co. Ltd. and/or J&K Trans International Co. Ltd. with, upon information and belief, the following financial institutions: Bank of America, N.A.; The Bank of New York; Citibank, N.A.; Deutsche Bank Trust Company Americas; HSBC Bank USA, N.A.; JPMorgan Chase Bank, N.A.; UBS AG; Wachovia Bank, N.A.; Société Générale; Standard Chartered Bank; BNP Paribas; Calyon Investment Bank; American Express Bank; Commerzbank; ABN Amro Bank; Bank Leumi USA; Banco Popular; China Trust Bank; Industrial Bank of Korea; Shin Han Bank; Great Eastern Bank; Nara Bank; United Orient Bank; or any other financial institution within the Southern District of New York.

**WHEREFORE**, Land, Air & Sea Transport d/b/a L.A.S.T. prays:

1. That a summons with process of attachment and garnishment may issue against the defendant Yangzhou XuYang Logistics Co. Ltd. f/k/a J&K Trans International Co. Ltd.; and if defendant cannot be found, then that its goods, chattels and credits within the district, and particularly all bank accounts and other property of Yangzhou XuYang Logistics Co. Ltd. f/k/a J&K Trans International Co. Ltd. with the financial institutions noted above in paragraph 24, may be attached in an amount sufficient to answer plaintiff's claim;

2. That defendant Yangzhou XuYang Logistics Co. Ltd. f/k/a J&K Trans International Co. Ltd. and any other person claiming an interest therein may be cited to appear and answer the matters aforesaid;

3. That judgment be entered in favor of Land, Air & Sea Transport d/b/a L.A.S.T. and against Yangzhou XuYang Logistics Co. Ltd. f/k/a J&K Trans International Co. Ltd. in the amount of $1,436,018.30 (including estimated interest, costs and attorneys' fees); and,

4. That this Court grant Land, Air & Sea Transport Ltd. d/b/a L.A.S.T. such other and further relief which it may deem just and proper.

Dated: New York, New York
      July 24, 2008

                              HOLLAND & KNIGHT LLP

By: _____
      James H. Power
      Lissa Schaupp
      195 Broadway
      New York, NY 10007-3189
      Tel:   (212) 513-3200
      Fax:  (212) 385-9010

*Attorneys for Plaintiff*
*Land, Air & Sea Transport Ltd. d/b/a L.A.S.T.*

## VERIFICATION

STATE OF NEW YORK           )
                            :ss.:
COUNTY OF NEW YORK          )

JAMES H. POWER, being duly sworn, deposes and says:

I am senior counsel with the firm of Holland & Knight LLP, counsel for Land, Air & Sea Transport Ltd. ("LAST"), plaintiff in the foregoing action. I have read the foregoing First Amended Verified Complaint and know the contents thereof, and the same are true and correct to the best of my knowledge. I have reviewed documentation provided to me by LAST and corresponded with LAST's representatives regarding this matter. I am authorized by LAST to make this verification, and the reason for my making it as opposed to an officer or director of LAST is that there are none within the jurisdiction of this Honorable Court.

_____
James H. Power

Sworn to before me this
24th of July, 2008

_____
Notary Public

WALLIS BETH KARPF
Notary Public, State Of New York
No. 01KA6047092
Qualified In New York County
Commission Expires August 28, 2010

# 5497318_v1

9